UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DELBERT MCGEE,

    Petitioner,

v.

J. RAY ORMOND, Warden,

    Respondent.

Civil Action No. 6:17-070-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Delbert McGee is a federal prisoner who was recently confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, McGee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* R. 1. For the reasons set forth below, the Court will deny McGee's petition.

In 2010, McGee entered into a written plea agreement with the United States and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States v. Delbert McGee*, No. 2:10-cr-20013 (C.D. Ill. 2010). The maximum sentence for violating § 922(g) is usually 10 years in prison. *See* 18 U.S.C. § 924(a)(2). However, McGee agreed with the United States that he "would be classified as an Armed Career Offender under the sentencing guidelines, as he has three prior felony convictions that are considered violent felonies and/or serious drug offenses, as that concept is defined at U.S.S.G. § 41.4 and 18 U.S.C. § 924(e)(1)." *United States v. Delbert McGee*, No. 2:12-cv-2094, R. 6 at 2 (C.D. Ill. 2012).[1] As a result, McGee was subject to a mandatory minimum sentence of 15 years in

---

[1] This Court does not have access to McGee's plea agreement because it was apparently filed under seal. *See United States v. McGee*, No. 2:10-cr-20013, R. 19 (C.D. Ill. 2010). However, in denying McGee's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, the trial court quoted extensively from his plea agreement. *See United States*

prison pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Ultimately, the trial court sentenced McGee to 188 months in prison. McGee did not file a direct appeal, and while he moved to vacate his sentence pursuant to 28 U.S.C. § 2255, the district court denied that motion, *see United States v. McGee*, No. 2:12-cv-2094, R. 6 (C.D. Ill. 2012), and the United States Court of Appeals for the Seventh Circuit denied McGee's requests to file second or successive § 2255 motions. *See* R. 1-2 at 2-5.

McGee has now filed a § 2241 petition with this Court, and he challenges the validity of his underlying sentence. McGee argues that he should be afforded relief from his career-offender designation because two of his prior felony convictions are no longer considered violent felonies for purposes of the ACCA. McGee cites several cases to support his petition, including the Supreme Court's opinions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the decision from the United States District Court for the Central District of Illinois in *Box v. Krueger*, No. 16-cv-1299, 2016 WL 6651282 (Nov. 10, 2016).

As an initial matter, McGee waived his right to collaterally attack his sentence. While this Court does not have access to McGee's plea agreement because it was apparently filed under seal, *see United States v. McGee*, No. 2:10-cr-20013, R. 19 (C.D. Ill. 2010), the Central District of Illinois has stated that, in the agreement, McGee specifically said he "knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in *any* collateral attack, including, *but not limited to*, a motion brought under Title 28, United States Code, Section 2255." *United States v. McGee*, No. 2:12-cv-2094, R. 6 at 3 (C.D. Ill. 2012) (emphasis added). This broad waiver precludes the assertion of the arguments that McGee pursues in this case.

---

*v. McGee*, No. 2:12-cv-2094, R. 6 (C.D. Ill. 2012). This Court cites that trial court opinion when referencing McGee's plea agreement.

As this Court has recognized on numerous occasions, such waivers are valid and enforceable in § 2241 proceedings. *See Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). Accordingly, McGee is barred from challenging his sentence in his habeas petition.

That said, even if McGee's waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, McGee cannot use a § 2241 petition as a way of challenging his sentence.

McGee nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. *See* R. 1-1 at 4. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

3

Those circumstances do not apply in this case. That is because the trial court sentenced McGee in 2011, well after the Supreme Court decided *Booker*. Plus, McGee has failed to identify a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a predicate offense for purposes of the career-offender enhancement. Although McGee cites *Mathis*, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. September 20, 2017). Therefore, McGee's reliance on *Mathis* is unavailing. Finally, while McGee cites *Johnson*, that case "was not a 'Supreme Court decision[ ] announcing new rules of statutory construction unavailable for attack under section 2255,' [and thus] a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision." *William v. Snyder-Norris*, No. 0:15-cv-098-HRW, 2016 WL 1704134, *3 (E.D. Ky. 2016) (quoting *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012)).

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. McGee's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated December 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY